Exhibit A

CAUSE NO._____

| | | |
|---|---|---|
| LISA RIVERS, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| VS. | § § § | HARRIS COUNTY. T E X A S |
| HOME DEPOT USA, INC. | § § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lisa Rivers, Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of the Home Depot, Defendant, and for cause of action, would show as follows:

# I.
# INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. This action seeks equitable relief, compensatory and punitive damages, attorneys' fees, taxable court costs, and pre-judgment and post-judgment interest. Plaintiff alleges that Defendant discriminated and retaliated against her on the basis of her sex and in retaliation for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991 ("CRA").

# II.
# PARTIES

3. Lisa Rivers is an individual whose lawful residence is in Harris County, Texas.

4. Defendant **HOME DEPOT USA, INC.** ("Home Depot") is a Delaware-formed for-profit corporation doing business in the state of Texas. Home Depot may be served with citation certified mail return receipt requested through its registered agent Corporation Service Company d/b/a CSC

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218. Issuance of citation is hereby requested.

## III.
## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Title VII and the CRA. The unlawful employment practices were committed within the jurisdiction of this Court, as a substantial part of the acts and conduct charged herein occurred in this district.

6. Venue is appropriate in this court, in that Defendant does business in Harris County, Texas Plaintiff resides in Harris County, Texas and the events that gave rise to the causes of action set forth herein occurred in Harris County, Texas.

7. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV.
## PROCEDURAL REQUISITES

8. Plaintiff filed a Charge of Discrimination ("Charge") against Defendants under Charge Number 460-2018-02978 with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 18, 2018, and supplemental charge on December 17, 2018. In her Charge, Plaintiff asserted that Defendant discriminated and retaliated against her because of her her sex, and that Defendant subjected Plaintiff to a hostile work environment.

9. On January 23, 2020, the EEOC issued its Notice of Right to Sue letter, entitling Plaintiff to file an action in state court. This lawsuit has been filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue letter.

10. All conditions precedent to filing the causes of action set forth herein have been met.

# V.
# FACTS

11. Plaintiff Lisa Rivers worked for Home Depot for approximately eighteen years, ending on or about February 9, 2018. Plaintiff began working for the company as a cashier, eventually working her way up to the position of operational store manager. As operational store manager, Plaintiff was responsible for overseeing payroll, supervising the movement of freight and inventory, payment of bills, supervision of over 70 employees, and other supervisory responsibilities. Plaintiff worked at Defendant's store known as Torrey Chase #6828, located at 4159 FM 1960 West, Houston, Texas.

12. Plaintiff is an African American female, and was the only female employee at her level in the store. During the last three years of her employment, Plaintiff reported directly to Sean Chandler, and was subjected to a sexually hostile working environment. Chandler would verbally abuse Plaintiff on a routine basis, and would scream at her in an extremely aggressive manner. Chandler told Plaintiff that "women are lazy" and that they "always want men to help them." Chandler would also belittle and humiliate female employees at staff meetings in Plaintiff's presence often resulting in female employees crying.

13. Chandler engaged in other verbal and physical sexually hostile behavior toward Plaintiff. For example, Chandler made comments about Plaintiff's breasts in the presence of other employees. As another example, the store had a white elephant gift exchange in December 2017 in which Plaintiff, Chandler and other employees participated. When Plaintiff unwrapped her gift, she was shocked and embarrassed to find a vibrator. Chandler then stated, in front of other employees, that he bought this gift and thought it would "help calm [Plaintiff] down."

14. Plaintiff was also treated differently than her male counterparts. She was given longer work lists, forced to work longer shifts, and written up for infractions also committed by her male

counterparts at a higher rate than those male employees. In fact, Plaintiff was terminated for an alleged infraction for which other similarly-situated male employees who engaged in the same conduct were not terminated.

15. Plaintiff reported Chandler's comments and conduct to both the store' Regional Manager and to Home Depot's corporate office, but no action was taken. After her termination, Plaintiff also appealed to her District Manager on February 21, 2018 to discuss her unlawful termination and the hostile environment in which she was forced to work. Her appeal was ignored.

## VI.
## SEX DISCRIMINATION UNDER TITLE VII AND THE CRA

16. Plaintiff incorporates by reference all of the foregoing allegations in each of the above paragraphs as if fully set forth herein.

17. Title VII and the CRA prohibit discrimination against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1). Plaintiff, a female and a member of a protected class, was subjected to a sexually hostile work environment and to unwelcome sexual harassment, which harassment was based upon Plaintiff's sex, in violation of Title VII and the CRA. The harassment complained of affected a term, privilege, or condition of Plaintiff's employment with Hone Depot. Home Depot knew or should have known about the harassment, and failed to take prompt remedial action. Plaintiff suffered damages as a result.

18. Home Depot also discriminated against Plaintiff because of gender by treating similarly-situated male employees differently. Plaintiff was disciplined differently and terminated because of her gender in violation of Title VII and the CRA.

## VII.
## RETALIATION UNDER TITLE VII AND THE CRA

19. Plaintiff incorporates by reference all of the foregoing allegations in each of the above paragraphs as if fully set forth herein.

20. Title VII and the CRA prohibit retaliation against any individual who complains of discrimination. 42 U.S.C. § 2000e-3. Home Depot retaliated against Plaintiff because she complained of the sexually hostile working environment to which she was subjected. Plaintiff suffered damages as a result.

## VIII.
## DAMAGES

21. As a result of Defendant's intentional, discriminatory, and unconstitutional conduct described above, Plaintiff suffered several emotional distress and took a three-month leave of absence as a result. She suffered hair loss, lost weight, required counseling, and was prescribed medication all as the result of her working environment. Plaintiff seeks the following: 1) back pay, including, but not limited to, her salary, bonuses, and benefits; 2) front pay; 3) costs of court; 4) mental anguish and emotional distress in the past and future; and 5) compensatory damages.

22. Additionally, since Defendants' actions were committed maliciously, willfully, or with reckless indifference to Plaintiff's rights, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## X.
## ATTORNEY'S FEES

23. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the undersigned counsel in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

# XI.
# JURY DEMAND

24. Plaintiff requests a trial by jury on issues triable by a jury in this case and tenders the appropriate fee herein.

# XII.
# RULE 193.7 NOTICE

25. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to utilize any discovery produced by any party, at the request of any party, in the trial of this matter.

# XIII.
# REQUEST FOR DISCLOSURE

26. Plaintiff hereby makes her Request for Disclosure in accordance with Rule 194.

# XIV.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lisa Rivers respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this case Plaintiff has the following relief:

a. Judgment against Defendants for actual damages sustained by Plaintiff as alleged herein;

b. Judgement against Defendants for back pay, including, but not limited to, Plaintiff's salary, bonuses, and benefits;

c. Judgement against Defendants for front pay, including, but not limited to, Plaintiff's salary, bonuses, and benefits;

d. Pre-judgement interest at the highest legal rate;

e. Post-judgement interest at the highest legal rate until paid;

f. Damages for mental pain and mental anguish;

g. Exemplary damages;

h. Attorney's fees;

i.  All costs of court; and

j.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

**THE STEIDLEY LAW FIRM**

By: */s/ Jeffrey W Steidley*
Jeffrey W. Steidley (19126300)
jeff@texlaw.us
3701 Kirby Drive, Suite 1170
Houston, Texas 77098
(713) 523-9595
(713) 523-9578 –Fax

Teri L. Danish
tl.danish@yahoo.com
Bar No.05375320
14730 Claycroft Court
Cypress, Texas 77429
 (956) 498-5075

**ATTORNEYS FOR PLAINTIFF**